Argued February 23, 1977, reversed and remanded May 2, 1977

## SPENCE, *Petitioner,*
### *v.*
## PUBLIC WELFARE DIVISION, *Respondent.*
### (No. FS-02/01-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, CA 6988)
#### 563 P2d 754

Larry T. Coady, Oregon Legal Services Corporation, Albany, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioner appeals the decision of the Public Welfare Division hearings officer that she is not eligible for food stamps. The issue is whether petitioner's household is properly classified as a boardinghouse which is not entitled to food stamps.

The facts provoking this issue are not in dispute. Petitioner is an Aid to Dependent Children (ADC) recipient and her household includes herself, her daughter and one permanently assigned foster child. In addition her home has been certified by Children's Services Division (CSD) as a foster care home and as such she is assigned foster children on a temporary basis by CSD. A temporary foster child remains in the foster home for one to 58 days. After this period of time the temporary foster child becomes permanently assigned. Petitioner is paid $168 per month for a permanently assigned foster child and $7.73 per day for those children temporarily assigned. Petitioner cannot predict the number of temporary foster children she will have during any one month nor can she anticipate their length of stay.

The food stamp program is federally mandated. 7 USC § 2011 et seq (1970). Pursuant to this mandate the United States Department of Agriculture has promulgated regulations setting forth requirements for administration of the program by the states. 7 CFR § 270 et seq (1976).

Under these regulations boarders in a boardinghouse and the proprietor of a boardinghouse are not entitled to participate in the food stamp program. A boarder is defined as:

"* * * [A]n individual to whom a household furnishes meals, or lodging and meals, for compensation at a monthly rate at least equal to the value of the monthly coupon allotment for a one-person household." 7 CFR § 270.2(j) (1976).

The one person allotment is $50.

A boardinghouse is:

"* * * [A] place where three or more individuals are furnished meals or lodging and meals for compensation." 7 CFR 270.2(k) (1976).

Based on these regulations the hearings officer issued the following:

"FINAL ORDER:

"It is ordered that the claimant's continuing eligibility for food stamps shall be as follows: There are two factors to consider; first, when there are three or more temporarily assigned foster children in the household and in addition, the amount CSD pays to the claimant for the temporary care is equal to or exceeds the monthly one-person coupon allotment ($50) the household is then considered a Boarding House. As a Boarding House the entire household is ineligible to receive food stamps. * * *"

Petitioner challenges this order on two grounds. First, that the order is not lawful in substance in that the definition of boardinghouse is improperly applied to petitioner; and secondly, since permanently assigned and temporarily assigned foster children are treated differently in determining who is a boarder this denies petitioner the equal protection of the law under the Fourteenth Amendment. We agree the petitioner's household is not a boardinghouse, it is thus not necessary to reach the constitutional issue.

Participation in the food stamp program is based on a "household" classification. A "household" is defined in the federal statute as "a group of related individuals (including legally adopted children and legally assigned foster children) * * * who are not residents of * * * [a] boarding house * * *." 7 USC § 2012(e) (1970).

Under the regulations defining "boarder" and "boardinghouse," it might be possible for a temporarily assigned foster child to not be considered a boarder if the money paid by CSD is less than the $50 allotment for the month. This may arise in the situation where a foster child is in petitioner's home for a very short period of time where the daily

remuneration totals less than $50. However, applied literally, the federal regulations compel the conclusion that foster children, both permanently and temporarily assigned beyond this short period of time, are boarders and petitioner's home is a boardinghouse.

■ This literal interpretation produces an internal conflict in the federal statute. 7 USC § 2012(e) (1970). If presence of foster children constitutes an ineligible boardinghouse, then the congressional definition of a household as including "legally assigned foster children" is nullified. In not defining "boardinghouse" in the statute, Congress may have intended to delegate broad authority to the United States Department of Agriculture to define this term by regulation. But such regulations must not be inconsistent with the statute. We conclude that the federal regulations, as applied in this case to produce the result that the presence of foster children constitutes an ineligible boardinghouse, are inconsistent with the specific statutory definition of household quoted above.

■ We interpret "legally assigned foster children" to mean those assigned by the action of a governmental agency. Under this view the foster children assigned by CSD to petitioner are "legally assigned." Petitioner is not per se ineligible for food stamps on the grounds that she maintains a boardinghouse. Her eligibility must be determined the same as any other household taking into consideration the amount and sources of income including foster care payments from CSD.

Reversed and remanded.